# Erie School District *v.* Griffith, Appellant.

*School law—Solicitor of school district—Trustee for lands bought at tax sale.*

Where under a resolution of the directors of a school district, the solicitor of the district purchases lands at tax sales which he is to hold in trust for the district, and to collect the school taxes thereon, and not to convey any land until the school tax thereon has been paid, and the solicitor mingles the taxes which he collects on such lands with his own private funds and uses them for his own private purposes, and does not pay them over for many years, and only after he is forced to do so by proceedings against him, he is liable for interest on all such moneys retained and used by him; and if he conveys any of the lands without collecting the taxes thereon, he is liable for the taxes to the school district. In such a case it was the duty of the solicitor to account each year to the school district for the taxes collected that year.

Argued April 28, 1902. Appeal, No. 159, Jan. T., 1901, by defendant, from decree of C. P. Erie Co,, Sept. T., 1896, No. 6, on bill in equity in case of Erie School District v. Ella R. Griffith, Administratrix of George P. Griffith, Deceased. Before McCollum, C. J., Mitchell, Dean, Fell and Potter, JJ. Affirmed.

Bill in equity for an account.

The court below found the facts to be as follows :

1. That the plaintiff is the legally constituted school board of the city of Erie.

2. That the defendant, George P. Griffith, is and has been for many years a member of the Erie county bar, and from the year 1880 to the year 1889, inclusive, he was the solicitor for the plaintiff school district.

3. That on August 5, 1880, the board of directors of said school district adopted the following resolution, " Resolved : That in case George P. Griffith shall become the purchaser, at the treasurer's sale of land for taxes, of any lands in the city of Erie which have been returned for nonpayment of school taxes said George P. Griffith shall be deemed a trustee for said school district in respect to such lands only to the amount of the unpaid school taxes thereon, and the treasurer is directed

to receipt to the county treasurer for the school tax on any lands so purchased, and said George P. Griffith shall hold each piece so purchased in trust for the collection of the amount of school tax only on each such piece, such trust to be discharged upon each said piece upon payment by said Griffith of the amount of school tax for which such piece may have been held, and said George P. Griffith shall have no right to incumber or convey any such lands until he shall have paid to the school district the amount of school tax for which any such piece of land may have been sold. Adopted." And that the defendant accepted and acted upon said resolution and pursuant thereto became the purchaser of a large number of pieces of land in the city of Erie sold at treasurer's sale for school taxes.

5. That defendant began to collect money belonging to said school district on account of the said land so purchased by him within a few weeks after November 12, 1880, and continued from time to time to collect moneys thereon down until the time the testimony was taken in this case in February, 1899.

6. That the moneys so collected by the defendant and belonging to the plaintiff school district, of which the defendant was the trustee, were mixed by the defendant with his own private funds and used by him for his own private purposes, and in no case did he keep any separate account of such trust funds, but mingled the same with his own and treated such trust moneys as his individual property, and that he continued to so collect and use said moneys without rendering any account thereof, for over eleven years, at which time he had collected and used over $3,000 of the money of the said school district. That the first payment made by the defendant on account of such moneys, was made February 11, 1892, at which time the defendant paid the treasurer of the school district $901.86, and failed to pay over or account for the additional sum of $2,310.31, which he had theretofore collected, and he still retained said last named amount, together with moneys thereafter collected by him until after the filing of the bill in this case in 1896, subsequent to which he made the following payments to the said treasurer on account of said moneys : April 5, 1897, $659.98 ; June 15, 1897, $1,449 84 ; July 29, 1897, $115.70 ; September 1, 1897, $32.00 ; April 29, 1898, $4.28 ; May 21, 1898, $255.44, making a total amount paid by defendant on account of said trust moneys of $3,419.10.

7. That the said defendant has never paid the plaintiff any interest on any of the moneys so retained and used by him, although he retained and used a large portion of said funds for many years, some as long as seventeen years.

8. That the said payments included the principal of all the moneys so collected by the defendant and belonging to the school district, except certain property assessed in reserve tracts Nos. 36 and 37, which will be hereafter considered, and excepting the sum of $25.84, which the defendant still has in his possession, and which latter sum the defendant has offered to pay to the school district, the same being money collected by defendant shortly before the hearing of this case.

9. That the defendant received for his services, and was to receive for his services, all penalties which he collected on account of such tax sales. This fact was so stated and agreed upon at the trial, although I do not notice any statement as to the same in the stenographer's notes.

10. That on July 16, 1896, the said defendant gave a quitclaim deed to T. M. Nagle, for certain land situated in reserve tract No. 36. That such deed included land formerly owned by the above stated parties and intended to be conveyed to the said defendant by the tax sales above referred to, although the assessment and tax deeds made for the same were uncertain as to exact location, on account of which uncertainty it would have been very difficult to have recovered such lands by an action of ejectment founded upon such tax titles. At the time of making the deed to T. M. Nagle, the defendant received as a consideration therefor the sum of $90.00, which was not nearly enough to pay all of the taxes standing against said land.

11. That the payments so made by the defendant to the said school district included some items of school taxes which the said defendant had never actually collected, but which he paid because he had deeded away the said lands or portions thereof to certain parties without having actually received the taxes, and in some instances the defendant still retains the title to portions of such pieces of land so purchased by him at tax sale.

12. That the defendant is a resident of the city of Erie, but

has an office in the city of New York, and his business calls him away from home a large portion of the time.

13. That in making payments to the treasurer the defendant furnished the treasurer with a list of the pieces of land on which he paid the taxes at these various payments, but at the time of the first payment of the said $901.86, the school treasurer did not receive or retain such schedule, but afterwards it was handed to him by the defendant.

14. That the treasurer of said school district never receipted to the county treasurer for the school taxes on the lands so purchased at tax sale by the defendant.

15. That beginning about 1892, the school district, through its proper officers, made various unsuccessful efforts to obtain a settlement with the defendant as to the matters in controversy in this case, at which time the defendant asserted that he had paid over to the school treasurer all the moneys collected by him on account of said tax sales, and practically so stated in his answer first filed to the bill in above case. That when the defendant was so requested by the officers of the school district to settle up his accounts and pay over the balance in his hands, he did not refuse to do so by reason of the treasurer not having receipted up his bids to the county treasurer, and made no objection by reason thereof, and so far as appears never called upon the school board to cause such receipting of his bids at the office of the county treasurer, although beginning with about 1892, the defendant did at diffirent times request Mr. George P. Colt, the treasurer of the school district, to receipt to the county treasurer for the school tax on the lands so purchased by the defendant in accordance with the provisions contained in the above quoted resolution.

### LEGAL CONCLUSIONS.

1. That under the above quoted resolution and the acceptance thereof by the defendant, he became the trustee of the plaintiff for all school taxes and moneys received on account of the same by reason of the lands so purchased by the defendant at treasurer's sales.

2. That the moneys so collected by the defendant were legally the moneys of the school district, and it was the duty of the defendant to have promptly paid the same over to the school

district, and that at least as often as once a year the defendant should have paid over such moneys to the plaintiff, and that the proper time for such payment would have been the end of the school year, to wit: on the first day of June of each year.

3. That the defendant, having mingled said trust funds with his own money, and having used the same for his own private benefit, is liable to the plaintiff for the interest thereof, from the end of each school year down to the time that the money was actually paid over to the school district.

4. That the defendant, by making the various payments, and also by denying that he had the various sums of money in his hands, has waived the right which he possibly might have had of insisting upon the school treasurer receipting up his bids to the county treasurer, and that the failure of the school treasurer to so receipt up the bids could not in any event relieve the defendant from his liability to pay interest on such trust funds, for the reason that he actually mixed the trust moneys with his own and used the same for his own benefit.

5. That the defendant having offered to pay the plaintiff the $25.84 above referred to, he should not be charged with any interest thereon.

6. That by the terms of the above resolution the defendant, by conveying the whole or even a part of any piece of land so purchased by him at tax sale, became liable to pay the amount of taxes thereon to the school district, whether or not he had in fact actually received the amount of such taxes.

7. That a decree should be made against the defendant, directing him to pay to the plaintiff the balance in his hands, and also that he pay the costs of this suit.

*Error assigned* was the decree of the court.

*Frank Gunnison,* for appellant.

*John S. Rilling,* with him *Henry E. Fish,* for appellee.

PER CURIAM, June 19, 1902:

The legal conclusions from the findings of fact are fully warranted, and on them the decree is affirmed.